**Electronically Filed**
**Intermediate Court of Appeals**
**30663**
**30-MAR-2011**
**08:49 AM**

NO. 30663

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


RICHARD D. TANINGCO and GRACE S. TANINGCO,
Plaintiffs/Counterclaim Defendants/Appellees,
v.
GARY O'BRIEN and JEANNE O'BRIEN,
Defendants/Counterclaim Plaintiffs/Appellants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL. NO. 06-1-187K)

ORDER DENYING PLAINTIFFS/COUNTERCLAIM DEFENDANTS/APPELLEES
RICHARD D. TANINGCO AND GRACE S. TANINGCO'S FEBRUARY 7, 2011
MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiffs/Counterclaim-Defendants/
Appellees Richard D. Taningco and Grace S. Taningco's (the
Taningco Appellees) February 7, 2011 motion to dismiss appeal for
lack of appellate jurisdiction (Motion to Dismiss),
(2) Defendants/Counterclaim Plaintiffs/Appellants Gary O'Brien
and Jeanne O'Brien's (the O'Brien Appellants) February 11, 2011
response in opposition to the Taningco Appellees' Motion to
Dismiss, and (3) the record, we conclude that we have appellate
jurisdiction over the O'Brien Appellants' appeal from the
Honorable Patrick W. Border's June 29, 2010 "Order Granting
Plaintiffs Richard D. Taningco and Grace S. Taningco's Motion to

Compel Arbitration and Stay Proceedings" (the June 29, 2010 order).

When a party appeals from a circuit court order regarding an arbitration matter, two statutes that potentially authorize an appeal are (1) Hawaii Revised Statutes (HRS) § 658A-28(a) (Supp. 2010) and (2) HRS § 641-1(a) (1993 & Supp. 2010). HRS § 658A-28(a)(1) authorizes an appeal from an order denying a motion to compel arbitration:

> § 658A-28 Appeals. (a) An appeal may be taken from:
> (1) An order denying a motion to compel arbitration;
> (2) An order granting a motion to stay arbitration;
> (3) An order confirming or denying confirmation of an award;
> (4) An order modifying or correcting an award;
> (5) An order vacating an award without directing a rehearing; or
> (6) A final judgment entered pursuant to this chapter.
> (b) An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (emphasis added). However, HRS § 658A-28 does not authorize an appeal from an order granting a motion to compel arbitration. The June 29, 2010 order grants a motion to compel arbitration and stay court proceedings. Therefore, HRS § 658A-28 does not authorize an appeal from the June 29, 2010 order.

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on HRCP Rule 58, the supreme court holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule]

2

58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). The circuit court has not yet entered a final judgment in this case. Therefore, the June 29, 2010 order is not eligible for appellate review unless it qualifies for appealability under one of the exceptions to the HRCP Rule 58 separate judgment rule.

As an exception to the HRCP Rule 58 separate judgment rule, the supreme court "ha[s], in rare situations, considered an interlocutory order so effectively 'final' that [it] ha[s] exercised appellate jurisdiction over an appeal that is neither a final judgment nor has been allowed by the circuit court under HRS § 641-1(b)." <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 321, 966 P.2d 631, 633 (1998).

> Appellate jurisdiction in these cases is exercised under the collateral order doctrine. These interlocutory appeals are limited to orders falling in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

<u>Id.</u> (citations, block quote and internal quotation marks omitted). In order to be appealable under the collateral order doctrine, an appealed order must satisfy <u>all three</u> of the following requirements: "the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." <u>Id.</u> at 322, 966 P.2d at 634 (citations and internal quotation marks omitted; brackets in original). The supreme court has observed that it "must construe the collateral order doctrine narrowly and be parsimonious in its application." <u>Siangco v. Kasadate</u>, 77 Hawaiʻi 157, 162, 883 P.2d 78, 83 (1994). Otherwise, "[a]llowing

3

widespread appeals from collateral orders would frustrate the policy against piecemeal appeals embodied in HRS § 641-1." Id.

We have held that an order granting a motion to compel arbitration is final and appealable under circumstances when such an order "is one of that small category of orders which finally determine claims of right separable from and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Sher v. Cella, 114 Hawai'i 263, 266-67, 160 P.3d 1250, 1253-54 (App. 2007) (citation and internal quotation marks omitted); see also Douglass v. Pflueger Hawaii, Inc., 110 Hawai'i 520, 522 n.1, 135 P.3d 129, 131 n.1 (2006); Luke v. Gentry Realty, Ltd., 105 Hawai'i 241, 246 n.10, 96 P.3d 261, 266 n.10 (2004); Association of Owners of Kukui Plaza v. Swinerton & Walberg Co., 68 Haw. 98, 107, 705 P.2d 28, 35 (1985). In Sher, the parties were litigating a "complaint [that] contained six counts: (1) misrepresentation and non-disclosure, (2) breach of contract, (3) breach of duty of good faith and fair dealing, (4) negligence, (5) deceptive trade practices, and (6) unjust enrichment." Sher, 114 Hawai'i at 266, 160 P.3d at 1253. When the circuit court entered an order granting a motion to compel arbitration of these causes of action, we held that, under the collateral order doctrine, the "order granting [the] motion to compel arbitration is final and appealable[.]" Id. at 266-67, 160 P.3d at 1253.

In the instant case, the June 29, 2010 order does not resolve the merits of the parties' substantive claims. Instead, the June 29, 2010 order (1) conclusively determines the disputed question whether the parties must resolve their substantive claims through arbitration, (2) resolves this important issue that is completely separate from and collateral to the merits of

4

the parties' substantive claims, and (3) is effectively unreviewable on appeal from a final judgment. Therefore, the June 29, 2010 order is appealable pursuant to HRS § 641-1(a) and the collateral order doctrine. Accordingly,

IT IS HEREBY ORDERED that we deny the Taningco Appellees' February 7, 2011 motion to dismiss appellate court case number 30663 for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 30, 2011.

Chief Judge

Associate Judge

Associate Judge